1

2

3

4

5

6

7

8                                 UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JEAN MARC VAN DEN HEUVEL:                  No.  2:23-cv-0752 TLN AC PS
      JUDICALLY ABUSED STROKE
12    SURVIVOR: 8/10/2014 : DATE OF
      STROKE INJURIES AND PERMENANT
13    "HIGH BLOOD PRESSURES PTSD",              ORDER AND FINDINGS AND
                                                RECOMMENDATIONS
14                      Plaintiff,

15              v.

16    A.M.P.M. MINI MART LOW HIGH
      ROAD PLACERVILLE IGNORANT
17    STAFF WITH DISCARDS FOR A
      HANDICAP STROKE SURVIVOR:
18    HIGH BLOOD PRESSURES: 255/133,

19                      Defendants.

20

21            Plaintiff is proceeding in this action pro se.  This matter was referred to the undersigned

22    by E.D. Cal. R.  302(c)(21).  Plaintiff has filed a request for leave to proceed in forma

23    pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that

24    statute.  See 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP will therefore be granted.

25                                         I.  SCREENING

26            A determination that a plaintiff qualifies financially for in forma pauperis status does not

27    complete the inquiry required by the statute.  The federal IFP statute requires federal courts to

28    dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which

                                                   1

1  relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

2  28 U.S.C. § 1915(e)(2).  Plaintiff must assist the court in determining whether the complaint is

3  frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure

4  ("Fed. R. Civ. P.").  Under the Federal Rules of Civil Procedure, the complaint must contain (1) a

5  "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed

6  in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is

7  entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the

8  relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and

9  directly.  Fed. R. Civ. P. 8(d)(1).

10      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the

12  court will (1) accept as true all the factual allegations contained in the complaint, unless they are

13  clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the

14  plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von

15  Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert.

16  denied, 564 U.S. 1037 (2011).

17      The court applies the same rules of construction in determining whether the complaint

18  states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court

19  must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must

20  construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a

21  less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520

22  (1972).  However, the court need not accept as true conclusory allegations, unreasonable

23  inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618,

24  624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice

25  to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,

26  556 U.S. 662, 678 (2009).  To state a claim on which relief may be granted, the plaintiff must

27  allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at

28  570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

1    court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2    Iqbal, 556 U.S. at 678.

3           A pro se litigant is entitled to notice of the deficiencies in the complaint and an

4    opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See

5    Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as

6    stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

7                                      II.   THE COMPLAINT

8           The putative complaint is difficult to understand.  It lists three places of business, seemly

9    gas stations, as defendants: an A.M.P.M at 3020 Formi Rd., Placerville, CA, an ARCO at the

10   same address, and a Rancho Convenience Center in Sacramento/El Dorado.  ECF No. 1 at 2.

11   Under the listing for the ARCO, plaintiff writes that he was disrespected, profanities were used,

12   and that the employees used foul behaviors toward the public.  Id.  Plaintiff checks "federal

13   question" as the basis for federal jurisdiction on his form complaint, but does not identify any

14   federal cause of action when prompted.  Id. at 3.  Instead, he indicates that employees were

15   misdirected by a manager named Carol to "implicate bannings from the store," and that he was

16   not allowed to park his #2 Dodge Trucks, Files Trailor, and that "the encouragements to stop the

17   abuses of drugs & alcohol, sponsorships is what they need, not raised annoyances of extremely

18   high blood pressure."  Id.  Plaintiff's statement of his claim and request for relief are not entirely

19   coherent, but  indicate that he was ejected from several business establishments and was given

20   unwelcome advice from individuals with "new sobriety."  ECF No. 1 at 4.

21                                         III.   ANALYSIS

22          The complaint does not contain facts supporting any cognizable legal claim against any

23   defendant.  The court finds that the complaint has no basis in law and presents no plausible

24   supporting facts.  See ECF No. 1.

25          Further, "[f]ederal courts are courts of limited jurisdiction."  Kokkonen v. Guardian Life

26   Ins. Co. of Am., 511 U.S. 375, 377, (1994).  In 28 U.S.C. §§ 1331 and 1332(a), "Congress

27   granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under"

28   federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is

                                                    3

diversity of citizenship among the parties, § 1332(a).  These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively.  <u>Home Depot U. S. A., Inc. v. Jackson</u>, 139 S. Ct. 1743, 1746 (2019), reh'g denied, No. 17-1471, 2019 WL 3538074 (U.S. Aug. 5, 2019).  Here, there is no basis for federal jurisdiction identified, and the court finds none.  ECF No. 1 at 3.  Because there is no claim that any federal law or right was violated, as is required under 28 U.S.C. § 1331, and there is no other basis for jurisdiction, the court finds there is no jurisdiction here.

The contents of the complaint are sufficiently unintelligible to make it clear that leave to amend in this case would not be fruitful.  The undersigned will therefore recommend that the complaint be dismissed with prejudice.

IV.     PRO SE PLAINTIFF'S SUMMARY

It is being recommended that your case be dismissed because it does not make any legal claims: you do not tell the court what law you think was violated, and your facts do not show that any law was violated.  While the court can tell that you feel you were disrespected, you can only get relief from a court if you show a violation of your rights under a law that creates a right to sue.  Also, federal courts cannot hear all types of cases.  You told the court that this case belongs in federal court because a federal law was violated, but no violation of federal law appears from your complaint.  For these reasons, the magistrate judge is recommending that your case be dismissed.  You have 21 days to object to this recommendation.

V.  CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that Plaintiff's application to proceed in forma pauperis (ECF No. 2), is GRANTED.

Further, IT IS HEREBY RECOMMENDED that all claims against all defendants should be DISMISSED with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

4

and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

      IT IS SO ORDERED.

DATED: May 12, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE